## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:12-cv-00184-TWP-DML |
| TRANS UNION, LLC, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

This matter is before the Court on Plaintiff Andrea Childress's ("Ms. Childress") Objections to Order on Motion to Disqualify Counsel and Related Matters (Dkt. 43). Specifically, Ms. Childress has appealed an order issued by Magistrate Judge Debra McVicker Lynch disqualifying Ms. Childress's attorney, G. John Cento (Dkt. 40). Oral arguments were held on Ms. Childress's motion on April 16, 2013. Ms. Childress appeared by counsel G. John Cento ("Mr. Cento"). Interested party Mr. Cento appeared by counsel Donald Robert Lundberg ("Mr. Lundberg"). Defendant Trans Union, LLC ("Trans Union") appeared by counsel, William Robert Brown, Camille Renee Nicodemus and Sandra L. Davis. At the hearing, the Court denied two of Ms. Childress's related motions, Plaintiff's Motion for Leave to Take Deposition of Patricia Norris (Dkt. 44) and Plaintiff's Motion for Leave to Review Documents *In Camera* (Dkt. 45), and the present motion was taken under advisement. Having considered the parties' briefings and oral arguments, for the reasons set forth below the Court **OVERRULES** Ms. Childress's objections to the Magistrate Judge's order disqualifying Mr. Cento.

## I. FACTUAL BACKGROUND

Ms. Childress brought this action against Trans Union under the Fair Credit Reporting Act ("FCRA"). She seeks to represent a nationwide class of consumers to whom Trans Union allegedly violated the FCRA by reporting their bankruptcies as "dismissed" when they in fact had been voluntarily withdrawn.[1] Ms. Childress has brought claims under 15 U.S.C. §§ 1681(b), 1681c(d)(1), and 1681e(b). She alleges that "the procedures developed and systematically employed by Trans Union to report on Chapter 13 bankruptcies . . . could result in credit reporting that is inaccurate, incomplete, and misleading, and which violates the requirements of the FCRA." Dkt. 1 at 2.

Ms. Childress is represented by two lawyers at separate law firms—G. John Cento at Cento Law, LLC[2] and Eric Pavlack at Pavlack Law, LLC. Mr. Cento previously represented Trans Union during the course of his employment at Katz & Korin, P.C. and Schuckit & Associates, P.C., beginning in 2001 and ending in July 2005. During this time, these firms handled approximately 25% of Trans Union's consumer-related litigation across the United States. Mr. Cento himself billed more than 4,200 hours defending Trans Union in over 250 cases. In addition to hours he personally billed, Mr. Cento supervised the work of associates working on these cases. Mr. Cento's work for Trans Union almost exclusively involved defending claims brought under §§ 1681e(b) and 1681i of the FCRA. This statute requires a reporting agency to use "reasonable procedures" to ensure accuracy of a consumer's credit report (§ 1681e) and sets forth certain steps a reporting agency must follow whenever a consumer disputes something on his or her report, a process defined by the FCRA as "reinvestigation" (§ 1681i). Mr. Cento's representation of Trans Union in these various disputes involved Trans

---

[1] The Complaint defines three classes, but they are likely interrelated and overlapping.

[2] At the time of the Magistrate Judge's decision, Mr. Cento was with Riley Bennett & Egloff, LLP.

Union's approach to handling consumers' disputes, conducting reinvestigations, and defending claims arising out of handling those disputes. He also advised Trans Union on general litigation strategies, including policies and practices to avoid litigation. In the course of his representation, Mr. Cento received a significant volume of internal Trans Union documents relating to these claims, and he also interacted with the "inner circles" of Trans Union's executives, board members, inside and outside counsel, and employees.

## II. PROCEDURAL BACKGROUND

Trans Union filed a Motion to Disqualify Mr. Cento (Dkt. 15), as one of two of Ms. Childress's counsel, on the basis that his representation violates Indiana Rule of Professional Conduct Rule 1.9.[3] The Court referred this motion to Magistrate Judge Debra McVicker Lynch for ruling pursuant to 28 U.S.C. § 636(b)(1)(A). In its Reply to the original motion (Dkt. 28), Trans Union referenced a list of various documents and memoranda relating to Mr. Cento's representation that Trans Union alleged contain confidential information. Ms. Childress then filed a Motion for *In Camera* Review (Dkt. 29) asking that Trans Union submit a sampling of these documents to the Court. Ms. Childress also filed a motion for leave to file a supplemental affidavit of Mr. Cento in opposition of the motion to disqualify (Dkt. 39).

The Magistrate Judge granted the motion for *in camera* review and the motion for leave to file Mr. Cento's affidavit, and considered these in granting Trans Union's motion to disqualify Mr. Cento (Dkt. 40). Ms. Childress then filed her Objection to Order on Motion to Disqualify Counsel and Related Matters with this Court (Dkt. 43). In addition, she filed a Motion for Leave to Take Deposition of Patricia Norris (Dkt. 44) and Motion for Leave to Review Documents *In Camera* (Dkt. 45), seeking to take the deposition of a former Trans Union in-house counsel in order to support her objection to the Magistrate Judge's order, and for Mr. Cento, without his

---

[3] Eric Pavlack's representation has not been challenged and he remains as counsel for Ms. Childress.

counsel, to review the documents submitted by Trans Union for the Court's *in camera* review so that Mr. Cento could testify or supply another supplemental affidavit regarding the scope of his representation of Trans Union in further support of the objection. Because the Court determined that permitting Mr. Cento to provide this additional factual information would constitute an impermissible *de novo* review of the Magistrate Judge's order, the motions to take Ms. Norris's deposition and for Mr. Cento to review the documents submitted for *in camera* review were denied. (Dkt. 69.)

### III. STANDARD OF REVIEW

An order disqualifying counsel is a non-dispositive order which may be issued by a magistrate judge under 28 U.S.C. § 636(b)(1)(A), as it does not qualify as any of those types of motions specifically excepted from the magistrate judge's pretrial authority. Federal Rule of Civil Procedure 72(a) provides that when parties object to a magistrate judge's pre-trial order on a non-dispositive matter, a district judge may only set aside the order if it is clearly erroneous or contrary to law. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006); *see also* 28 U.S.C. § 636(b)(1)(A). Where the magistrate judge correctly states the law, then her findings as to whether the facts meet the legal standard will be disturbed only if they are clearly erroneous. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). The Court reviews the Magistrate Judge's order under a clearly erroneous or contrary to law standard.

## IV. DISCUSSION

### A. The Substantial Relationship Test

Mr. Cento argues that the Magistrate Judge's application of the "substantial relationship" test was contrary to Indiana Rule of Professional Conduct 1.9 and is therefore a violation of Local Rule 83-5(e), which states that the Indiana Rules of Professional Conduct govern the conduct of attorneys practicing in this district.[4] S.D. Ind. Local Rule 83-5(e). Mr. Cento's arguments primarily focus on parsing the language of Rule 1.9 and its related comments to support his assertion that the Magistrate Judge applied the "substantial relationship" test incorrectly, and thus is contrary to law. However, Mr. Cento almost completely ignores Seventh Circuit case law, as well as case law from this district, which set forth the established standards governing disqualification of an attorney under federal law. Instead, he argues the Magistrate Judge improperly relied upon an unpublished opinion issued by a district court outside of this circuit to "rewrite Rule 1.9 and the substantial relationship test." Dkt. 43 at 12. In actuality, it is Mr. Cento who attempts to rewrite the substantial relationship test, and he exaggerates the Magistrate Judge's reliance on authority from outside of this district.

"The standards for disqualification of an attorney derive from two sources: Indiana's Rules of Professional Conduct and federal common law." *Leathermon v. Grandview Mem. Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL1381893, at * 8 (S.D. Ind. March 31, 2010). Rule 1.9 of the Indiana Rules of Professional Conduct provides in relevant part that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

---

[4] The objection to the Magistrate Judge's order was jointly submitted by Ms. Childress and Mr. Cento as an interested party, and at the hearing Mr. Cento's attorney, Mr. Lundberg, presented the oral argument. Mr. Lundberg does not represent Ms. Childress or the class, only Mr. Cento. *See* Hearing Transcript at 2:14-19. Therefore, the Court will effectively treat the objection as Mr. Cento's motion for purposes of this Entry.

Ind. Rule of Prof'l Conduct 1.9(a). In addition, federal common law supplies standards for attorney disqualification that are based upon the American Bar Association Code of Professional Responsibility Cannons 4 and 9. *See LaSalle Nat'l Bank v. Lake Cnty.*, 703 F.2d 252, 255 (7th Cir. 1983); *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266-67 (7th Cir. 1983). The Seventh Circuit's test for attorney disqualification embodies the principle of Cannon 4, which protects the confidences of a client against disclosure and possible use against him, and of Cannon 9, which provides that an attorney must avoid even the appearance of impropriety. *LaSalle*, 703 F.2d at 255. Thus, to only rely upon the language of Rule 1.9 and its comments to ascertain the correct test for determining whether an attorney should be disqualified, as Mr. Cento primarily argues, would not be the proper application of federal law and the standards of this circuit for attorney disqualification.

The standard for disqualification of an attorney in the Seventh Circuit is the "substantial relationship" test, which is "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." *LaSalle*, 703 F.2d at 255 (quoting *Cannon v. U.S. Acoustics Corp.*, 398 F.Supp. 209, 223 (N.D. Ill. 1975), *aff'd in part and rev'd in part*, 532 F.2d 1118 (7th Cir. 1976)). "The purposes of the substantial relationship test are (1) to prevent disclosure of client confidences; (2) to protect a client's interest in the loyalty of counsel; and (3) to prevent the appearance of conflict of interest that is difficult to dispel in the eyes of the public, the bench, and the bar." *Ramos v. Pabey*, No. 2:05-CV-189-PS-PRC, 2005 WL 2240036, at *4 (N.D. Ind. Sept. 13, 2005). "If a substantial relationship is found, it is unnecessary for the movant to prove that the attorney in question actually received during the course of his former employment confidential information relevant to matters involved in the subsequent representation." *LaSalle*,

703 F.2d at 255; *see also Schloeter v. Railoc of Ind., Inc.*, 546 F.2d 706, 710 (7th Cir. 1976) (where matters are substantially related, the attorney's possession of confidential information will be presumed).

In the Seventh Circuit, courts apply a three-level inquiry, referred to as the *Westinghouse* test, to determine whether a substantial relationship exists: (1) a factual reconstruction of the scope of the prior legal representation; (2) a determination as to whether it is reasonable to infer that the confidential information would have been given to a lawyer representing a client in those matters; and (3) a determination of whether such information is relevant to the issues raised in the pending adverse litigation. *LaSalle*, 703 F.2d at 255-56 (citing *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978)); *Leathermon*, 2010 WL 1381893 at *9. These are all factual determinations that the Court is not permitted to disturb unless they are clearly erroneous. *See Pinkston*, 440 F.3d at 888.

In support of his argument that the Magistrate Judge applied the incorrect "substantial relationship" test, Mr. Cento also argues Magistrate Judge Lynch relied upon a "single unpublished, eight-year-old, friendless opinion issued by a district court outside the Seventh Circuit . . . to . . . accomplish what is essentially a rewrite of Rule 1.9 and the substantial relationship test" and argues that she provided no analysis or reasoned basis to reach her conclusion. Dkt. 43 at 12. Mr. Cento argues that the Magistrate Judge relied upon the holding of the New York District Court in *Battagliola v. Nat'l Life Ins.*, No. 03 Civ. 8558 GBD AJP, 2005 WL 101353 (S.D.N.Y. Jan. 19, 2005) as her "sole guidance in pushing beyond the orthodox application of the substantial relationship test." Hearing Transcript at 17:13-14. This is a mischaracterization of the Magistrate Judge's analysis and the authority she relied upon in reaching her decision. The Magistrate Judge correctly stated and applied the substantial

relationship test as articulated by the Seventh Circuit, and as applied by this district in *Leathermon*. Dkt. 40 at 7-9, 11-12. Her order makes only two references to the *Battagliola* case, and only in the context of demonstrating that there are other jurisdictions that support the same proposition based upon the factual similarities of the case.[5] Dkt. 40 at 9. The Magistrate Judge did not rely upon the holding of this case to support her legal analysis; rather, citation to this case comes in the portion of her analysis where she makes the factual determination that Mr. Cento's prior representation of Trans Union bears a substantial relationship to his current representation of Ms. Childress, and it illustrates an example of a factually comparable case from another jurisdiction that reached a similar result. The Court cannot say that the Magistrate Judge's factual comparison of this case to *Battagliola* was contrary to law, and it was not improper for the Magistrate Judge to cite to this case.

The Magistrate Judge's application of the substantial relationship test, as articulated by the Seventh Circuit, to the facts of this case to determine that Mr. Cento's prior representation of Trans Union is substantially related to this case is not clearly erroneous or contrary to law. Mr. Cento argues that the Magistrate Judge improperly applied a "playbook" approach to analyzing whether there is a substantial relationship between Mr. Cento's prior representation of Trans Union and his current representation of Ms. Childress and the purported class members against Trans Union, and that Rule 1.9 mandates that judges compare the current representation with a single prior matter to determine whether the two are factually related. However, this ignores the Seventh Circuit's rule that the judge look at the entire "scope of the prior legal representation" to determine whether confidential information would have been given to a lawyer in "those matters." *LaSalle*, 703 F.2d at 255-56.

---

[5] *See The Bluebook, A Uniform System of Citation*, 19th Edition, Section B3, pg. 5 ("Use *e.g.* in combination with *see* to introduce an authority that is one of multiple authorities (or multiple jurisdictions) clearly supporting the same proposition.").

The Magistrate Judge did not err in looking at the entire course of Mr. Cento's representation to determine that it was substantially related to the current matter. Further, there is no case law supporting Mr. Cento's argument that she should have only compared this case with the facts of a single case out of the 250 in which he represented Trans Union. Mr. Cento focuses on dissecting the language of Rule 1.9 and its comments to reach his interpretation of the substantial relationship test without citing to any law from this circuit in support of his interpretation, despite stating at oral argument that this interpretation "completely aligns with long established Seventh Circuit law in this area." Hearing Transcript at 9:10-21. Mr. Cento cites to several twenty-four year old Texas state law cases in support of his legal interpretation of the substantial relationship test. Dkt. 43 at 5. However, there is nothing in federal case law mandating this one-to-one approach.

In addition, it would have been illogical for the Magistrate Judge to compare a single prior case with the facts of this class action lawsuit, which will necessarily need to focus on the commonalities among all of the class members, not just the facts of Ms. Childress's individual situation. In fact, the Complaint itself alleges that "procedures developed and *systematically employed* by Trans Union . . . result in credit reporting . . . which violates the requirements of the FCRA." Dkt. 1 at 2 (emphasis added). Mr. Cento would not just be litigating what specific facts lead to the alleged violations against Ms. Childress—though she is still alleging that Tran Union's policies and procedures were the cause of the inaccurate reporting on her credit report—but what alleged violations that all class members were subject to based upon Trans Union's policies and procedures. The Magistrate Judge, in thoroughly reviewing the parties' briefing, *in camera* review of Trans Union's documents and oral arguments, properly went through the three-level inquiry to determine that a substantial relationship exists between Mr. Cento's prior

representation of Trans Union and his current representation of Ms. Childress and the purported class. Mr. Cento argues that the Magistrate Judge disregarded the effect of the passage of time in her analysis; however, she specifically addressed how the passage of time factored into her analysis. Dkt. 40 at 9-10. Her factual determination that, despite the passage of time, a substantial relationship still exists is one that is not clearly erroneous. Therefore, the Magistrate Judge's substantial relationship analysis was not clearly erroneous or contrary to law.

The Court recognizes that Comment [2] to Indiana Rule of Professional Conduct 1.9 states that "[a] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of the type even though the subsequent representation involves a position adverse to the prior client." However, the Court does not view this to be at odds with the Magistrate Judge's determination that the present case is not "factually distinct" from Mr. Cento's prior representation. Under the guidance of this comment, Mr. Cento would not be prohibited from representing a client against Trans Union in some other type of lawsuit, such as employment or breach of contract, or even possibly some wholly different section of the FCRA; however, the fact that Mr. Cento seeks to represent a class of plaintiffs in bringing claims under almost identical provisions of the FCRA that he formerly assisted Trans Union in defending is the basis upon which the Magistrate Judge found that a substantial relationship exists. Therefore, the Magistrate Judge's order is not inconsistent with the comments to Rule 1.9, and is not contrary to established Seventh Circuit law. The Magistrate Judge's analysis is factually thorough and well-supported based upon the correct legal standard, and the Court may not disturb her factual determinations.

**B.      Rebuttability of Presumption Mr. Cento Received Confidential Information**

Mr. Cento argues that the Magistrate Judge erred by not permitting him to rebut the presumption that he received confidential information while representing Trans Union. For attorneys who worked in a firm that represented a former client, this presumption is rebuttable, and the attorney can rebut the presumption by showing "clear and effective evidence that the attorney in question had no knowledge of the information, confidences, and/or secrets related by the client in the prior representation," such as by showing that effective measures were taken in his previous firm to prevent confidences from being received by the lawyer handling the new matter.  *LaSalle*, 703 F.2d at 256; *see also Analytica*, 708 F.2d at 1267; *Leathermon*, 2010 WL 1381893 at *9. However, the presumption becomes irrebuttable where a substantial relationship exists and either an entire firm or an individual attorney himself switches sides to represent a new client against a former client. *Analytica*, 708 F.2d at 1266-67. Thus, the rule that this presumption is rebuttable primarily applies to attorneys who worked at a firm that represented a now adverse client, but who may or may not have been privy to confidential information. The rebuttable presumption does not apply where an attorney individually and personally represented a client.

The Magistrate Judge did not err in relying upon an irrebuttable presumption that Mr. Cento received confidential information. While it is true that Mr. Cento was with law firms during his time representing Trans Union, the facts are undisputed that he personally and extensively handled Trans Union's legal matters in not one, but two firms. Trans Union was essentially his personal client that he was able to take with him when leaving Katz & Korin, and he continued his work with them at Schuckit & Associates. As previously stated, Mr. Cento billed over 4,200 hours on Trans Union work, and supervised additional hours of the work of

associates. Courts have found that where even a few hours were previously spent on a substantially related matter, disqualification was warranted. *See*, *e.g.*, *Norvo Terapeutisk Laboratorium A/S v. Baxter Travenol Labs., Inc.*, 607 F.2d 186, 196 (7th Cir. 1979) (disqualification warranted where counsel spent two and one-fourth hours addressing issues relating to the use of an enzyme that later was at issue in a patent matter). The fact that Mr. Cento was privy to confidential communications and information from Trans Union over the course of four years and over 4,200 hours cannot be questioned.[6]

Mr. Cento is not seeking to rebut whether there were shared confidences, but whether the information he received is still considered confidential or relevant. That is not the standard, and goes against the principle that where a substantial relationship is shown, the moving party does not have to prove what confidential information the attorney received. *See LaSalle*, 703 F.2d at 255. The Magistrate Judge took the extra step, at Ms. Childress's request, of reviewing the documents submitted by Trans Union *in camera* in order to determine whether Mr. Cento did in fact personally handle a substantial amount of Trans Union's confidential information that is substantially related to the current matter. As discussed above, permitting Mr. Cento to present additional factual evidence that this information was somehow not confidential or is no longer relevant to rebut the presumption that he received confidential information would constitute a *de novo* review of the Magistrate Judge's factual and legal determination that an irrebuttable presumption applies under these circumstances. The Court finds the Magistrate Judge did not

---

[6] During the hearing, the Court asked Mr. Cento's counsel if he was aware of any cases involving attorneys that handled a similar volume of work for a client as Mr. Cento handled for Trans Union who were not disqualified. Hearing Transcript at 35:2-11. Mr. Lundberg responded that he did not, but offered to provide a supplemental brief with this authority following the oral argument. Hearing Transcript at 35:12-23. Despite not receiving leave from the Court to submit such supplemental briefing, Mr. Cento filed a Post-Argument Supplemental Authority brief and attached case law addressing not the question the Court asked regarding attorneys who handled a similar volume of work as Mr. Cento, but rather addressing the effects of the passage of time on an attorney's disqualification. (Dkt. 70.) The case provided by Mr. Cento is a West Virginia state case that is factually distinguishable from this case, as such; it offers little to persuade the Court to Mr. Cento's view.

commit clear error by relying upon an irrebuttable presumption that Mr. Cento received confidential information during his representation of Trans Union, and did not err by not permitting Mr. Cento to present additional evidence that this information was no longer relevant or confidential.

## V. **CONCLUSION**

For the reasons set forth above, the Court finds that the Order on Motion to Disqualify Counsel and Related Matters issued by the Magistrate Judge (Dkt. 40) is not clearly erroneous or contrary to law, and hereby **OVERRULES** Plaintiff's Objections to the Order on Motion to Disqualify Counsel and Related Matters (Dkt. 43).

**SO ORDERED.**

Date: 04/30/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Donald Robert Lundberg
BARNES & THORNBURG LLP
donald.lundberg@btlaw.com

Camille Renee Nicodemus
SCHUCKIT & ASSOCIATES PC
cnicodemus@schuckitlaw.com

James J. Bell
BINGHAM GREENEBAUM DOLL LLP
jbell@bgdlegal.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

Sandra L. Davis
SCHUCKIT & ASSOCIATES, P.C.
sdavis@schuckitlaw.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com