**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANDREA M. CHILDRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00184-TWP-DML |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO RECONSIDER**

This matter is before the Court on interested party G. John Cento's ("Mr. Cento") Motion to Reconsider the Court's April 30, 2013 Entry on Objection to Magistrate Judge's Order overruling Mr. Cento's objection to Magistrate Judge Debra McVicker Lynch's order disqualifying him as counsel for Plaintiff Andrea Childress ("Ms. Childress") in this case. For the reasons set forth below, Mr. Cento's Motion to Reconsider (Dkt. 84) is **DENIED**.

**I. BACKGROUND**

The facts surrounding Mr. Cento's disqualification in this case have already been set forth in detail in both the Magistrate Judge's order (Dkt. 40) and this Court's prior Entry (Dkt. 71) (the "Entry"). Defendant Trans Union, LLC ("Trans Union"), filed a motion to disqualify Mr. Cento from representing Ms. Childress in this case based upon his prior representation of Trans Union in over 250 cases brought under the Fair Credit Reporting Act ("FCRA") (Dkt. 15). The motion to disqualify was granted by Magistrate Judge Lynch, and Mr. Cento filed an appeal of her decision (Dkt. 43). Following oral argument, this Court overruled Mr. Cento's objections and found that the Magistrate Judge's order was not clearly erroneous or contrary to law. Mr. Cento now files this motion to reconsider the Court's Entry, arguing that the Court erroneously

relied upon the "appearance of impropriety" standard in finding that Mr. Cento should be disqualified in this case.

## II. LEGAL STANDARD

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d at 324. A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## III. DISCUSSION

Disqualification is a drastic remedy, but doubts regarding the existence of a conflict of interests should be resolved in favor of disqualification. *Lyman v. St. Jude Medical S.C., Inc.* 423 F. Supp.2d 902, 907 (2006). For the third time, Mr. Cento argues that he should not be disqualified as counsel in this case. On this occasion, Mr. Cento asserts a motion to reconsider is proper because the Court erroneously relied upon the "appearance of impropriety" standard in

determining that Magistrate Judge Lynch's order was not clearly erroneous or contrary to law. He argues that the current ABA Model Rules of Professional Conduct, which supplanted the ABA Model Code of Professional Responsibility, no longer contain the Canon 9 "appearance of impropriety" standard.  However, Mr. Cento places undue emphasis on the Court's reference to Canon 9 in its Entry, and his motion does not demonstrate that the Court made a manifest error of law or fact such that reconsideration is proper.

Nowhere in the Entry does it state that the Court relied upon the appearance of impropriety standard in concluding that the Magistrate Judge's order disqualifying Mr. Cento was not clearly erroneous or contrary to law.  The language that Mr. Cento emphasizes is one reference to Canon 9, stating that it is embodied in the substantial relationship test articulated by the Seventh Circuit in *LaSalle Nat'l Bank v. Lake Cnty.*, 703 F.2d 252, 255 (7th Cir. 1983).[1] Dkt. 71 at 6.  However, the Court goes on to state that "[t]he standard for disqualification of an attorney in the Seventh Circuit is the 'substantial relationship test'" and proceeded to apply that test, not the "appearance of impropriety" standard.  Dkt. 71 at 6-7.  In addition, as the Court was reviewing the decision of the Magistrate Judge, the Court concluded that "[t]he Magistrate Judge correctly stated and applied the substantial relationship test as articulated by the Seventh Circuit and as applied by this district in [*Leathermon v. Grandview Mem. Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2012 WL 1381893 (S.D. Ind. March 31, 2010)]."  *Id*.  To clarify, the Court did not rely upon any different standard than the substantial relationship test applied by the Magistrate Judge.

---

[1] A case cited by Mr. Cento in support of his motion, *Cromley v. Bd. of Educ. of Lockport Tp. High Sch. Dist. 205*, also cites to this same language from the *LaSalle* case.  17 F.3d 1058, 1066 (7th Cir. 1994) ("The test has been described by this circuit as embodying the substance of Canon 4 of the A.B.A. Code of Professional Responsibility, which protects the confidences of a client against disclosure and possible use against him, and of Canon 9, which provides that an attorney must avoid even the appearance of impropriety.")  Dkt. 84-1 at 5.

As Mr. Cento himself acknowledged, the two cases relied upon by both this Court and the Magistrate Judge, *LaSalle* and *Analytica v. NPD Research, Inc.*, 708 F.2d 1263, 1266-67 (7th Cir. 1983), both "remain good law to the extent they set forth the well-regarded Seventh Circuit approach to the substantial relationship standard." Dkt. 87 at 4. The "appearance of impropriety" standard is only considered to the extent that it formed one of the original bases for, and is integrated into, the substantial relationship test; it is not used a separate basis for disqualification. *See Cromley*, 17 F.3d at 1066. Mr. Cento has not cited to any authority that would change how the substantial relationship test is applied in the Seventh Circuit based upon the changes to the ABA Model Rules of Professional Conduct, and as acknowledged by Mr. Cento, the ABA Model Rules "impose no enforceable duties on lawyers until promulgated by state high courts *or by federal courts*." Dkt. 84-1 at 3 (emphasis added). Despite its historical underpinnings, the substantial relationship test remains the law of the Seventh Circuit for determining attorney disqualification, and the Magistrate Judge and this Court did not commit a manifest error of law in analyzing the facts of this case based upon that standard.

## IV.   CONCLUSION

While the Court recognizes the serious implications that this decision has on both Ms. Childress and Mr. Cento, the Court must also consider the interests of Trans Union and the rule of law with regard to conflicts of interest and attorney disqualification. The Court's goal is not to deprive Mr. Cento of his livelihood or deprive Ms. Childress of her choice of counsel, but rather to uphold the integrity of the legal system. For the foregoing reasons, Mr. Cento's Motion to Reconsider (Dkt. 84) is **DENIED**.

   **SO ORDERED.**

Date:  06/18/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Donald Robert Lundberg
BARNES & THORNBURG LLP
donald.lundberg@btlaw.com

James J. Bell
BINGHAM GREENEBAUM DOLL LLP
jbell@bgdlegal.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

G. John Cento
CENTO LAW LLC
cento@centolaw.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

Elena B. Gobeyn
SCHUCKIT & ASSOCIATES P.C.
egobeyn@schuckitlaw.com

Camille Renee Nicodemus
SCHUCKIT & ASSOCIATES PC
cnicodemus@schuckitlaw.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Sandra L. Davis
SCHUCKIT & ASSOCIATES, P.C.
sdavis@schuckitlaw.com

William Robert Brown
SCHUCKIT & ASSOCIATES, P.C.
wbrown@schuckitlaw.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com